IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| FRANCISCO GRACIA LEDEZMA §<br>#30710-077 §<br>§<br>V. § A-12-CA-463-SS<br>§<br>RUSSELL SUBIA, MS. MOORE (Medical §<br>Director), JOHN DOE (Warden), DR. §<br>VERNON FARTHING, DR. JOSE MAYA, §<br>NURSE #1, OFFICER PETE GARCIA, §<br>OFFICER LOZANO, FEDERAL JUDGE §<br>(Pecos, Texas), MAGISTRATE JUDGE §<br>(Pecos, Texas), MR. GABRIEL §<br>YOUNGSTON, JOHN DOE (Ohio §<br>Medical Director), JOHN DOE §<br>(Optometrist), JOHN DOE (Warden §<br>Youngstown), and NURSE #2 § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE SAM SPARKS
        UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Plaintiff's amended complaint and more definite statement. Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

STATEMENT OF THE CASE

At the time he filed his complaint pursuant to 42 U.S.C. § 1983, Plaintiff had been released from federal confinement. Although Plaintiff's complaint is difficult to decipher, it appears Plaintiff

is complaining of the medical care he was provided in 2007 and 2008 at the Reeves County Detention Center ("RCDC") in Pecos, Texas, and in 2010 at the Northeast Ohio Correction Center in Youngstown, Ohio.[1]

Plaintiff alleges Dr. Subia, an employee of the RCDC, performed eye surgery on Plaintiff on June 5, 2007. Plaintiff claims he suffered an eye injury, as a result of the surgery. He further alleges Medical Director Moore, the warden, Officer Pete Garcia, Officer Lozano, and Dr. Farthing, employees of the RCDC, failed to do anything about the botched surgery, thereby resulting in a conspiracy. According to Plaintiff, he was taken to a private doctor, Dr. Jose Maya, on December 14, 2007 and May 21, 2008, to consult regarding Plaintiff's eye problems. Plaintiff alleges Dr. Maya acknowledged Dr. Subia's actions but refused to provide Plaintiff testimony or records to support Plaintiff's allegations made in court. Plaintiff claims Dr. Maya's nurses witnessed his doctor's visits but remained silent.

Plaintiff was transferred to Youngstown in 2010. Plaintiff similarly alleges Mr. Gabriel, the Ohio Medical Director, and the warden, employees of the Youngstown facility, failed to take any action regarding Plaintiff's claims against Dr. Subia. Plaintiff was allegedly taken to the Lee County Eye Clinic to consult with an optometrist or opthmologist about his vision problems. Plaintiff complains the doctor wrote very little about his medical condition in his medical records.

Plaintiff further complains the United States District Judge and United States Magistrate Judge in Pecos, Texas refused to issue orders to the medical department at the RCDC to provide Plaintiff with medical care for his vision problems.

---

[1] The RCDC is operated by the GEO Group, Inc. The Northeast Ohio Correction Center is operated by Corrections Corporation of America.

Although Plaintiff complains of the medical treatment he received while serving a federal sentence, he submitted his complaint on a 42 U.S.C.§ 1983 form. With the exception of the federal judges, the defendants are employees of privately run prisons or are in private practice. Since neither a privately run correctional facility, operated under contract with the federal government, nor the facility's employees are state actors for the purposes of Section 1983, Plaintiff cannot maintain this action under Section 1983. Lewis v. Downey, 581 F.3d 467, 471 n. 3 (7th Cir. 2009) (citing Sandoval v. Wackenhut Corr. Corp., No. 93–8582, 1994 WL 171703, at *2 n. 3 (5th Cir. Apr. 28, 1994)). Therefore, it appears Plaintiff is asserting this complaint under Bivens.

A federal inmate may assert a constitutional challenge to the conditions of his confinement under Bivens. Bivens v. Six Unknown Fed. Agents, 403 U.S. 388, 395–97 (1971). In order to state a Bivens claim, Plaintiff must allege that an individual acting under federal law deprived Plaintiff of a right secured by the United States Constitution. Id.

## DISCUSSION AND ANALYSIS

A.   Standard Under 28 U.S.C. § 1915(e)

An in forma pauperis proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from suit. A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer. Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986).

When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible. Haines v. Kerner, 404 U.S. 519 (1972). However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog

the judicial machinery with meritless litigation and abuse already overloaded court dockets." Farguson v. MBank Houston, N.A., 808 F.2d 358, 359 (5th Cir. 1986).

  B.  Judicial Immunity

The United States District Judge and United States Magistrate Judge, named as defendants in this action, presided over Plaintiff's previously filed civil rights suit in Cause No. 4:08-CV-007-RAJ. Both judges are entitled to absolute immunity for any acts performed as a judge. It is well settled law that a judge enjoys absolute immunity from liability for damages for judicial acts performed within his jurisdiction. Hale v. Harney, 786 F.2d 688, 690 (5th Cir. 1986). The doctrine of absolute judicial immunity protects judges not only from liability, but also from suit. Mireless v. Waco, 502 U.S. 9, 11 (1991). Motive of the judicial officer is irrelevant when considering absolute immunity. See Mitchell v. McBryde, 944 F.2d 229, 230 (5th Cir. 1991) ("The judge is absolutely immune for all judicial acts not performed in clear absence of all jurisdiction, however erroneous the act and however evil the motive.").

Absolute judicial immunity is overcome in only two rather narrow sets of circumstances: first, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity, and second, a judge is not immune for actions, though judicial in nature, taken in complete absence of all jurisdiction. Mireless, 502 U.S. at 11-12. "A judge's acts are judicial in nature if they are 'normally performed by a judge' and the parties affected 'dealt with the judge in his judicial capacity.'" Boyd v. Biggers, 31 F.3d 279, 285 (5th Cir. 1994) (quoting Mireless, 502 U.S. at 12). In the case at bar, Plaintiff does not complain of any actions taken by the judges that were nonjudicial in nature nor does he show that the judges were acting in the clear absence of all jurisdiction. Accordingly, the judges are protected by absolute immunity.

C.  Eighth Amendment

Plaintiff is a federal prisoner seeking relief against individual employees of private prisons. The Supreme Court recently addressed the application of Bivens to such claims and concluded:

> [W]here ... a federal prisoner seeks damages from privately employed personnel working at a privately operated federal prison, where the conduct allegedly amounts to a violation of the Eighth Amendment, and where that conduct is of a kind that typically falls within the scope of traditional state tort law (such as the conduct involving improper medical care at issue here), the prisoner must seek a remedy under state tort law. We cannot imply a Bivens remedy in such a case.

Minneci v. Pollard, ––– U.S. ––––, ––––, 132 S. Ct. 617, 626 (2012).

As in Minneci, Plaintiff in this case has raised Eighth Amendment claims challenging conduct that typically falls within the scope of traditional state tort law. Accordingly, Plaintiff cannot maintain Eighth Amendment Bivens claims against Defendants Russell Subia, Ms. Moore, Warden John Doe, Dr. Vernon Farthing, Officer Pete Garcia, Officer Lozano, Mr. Gabriel, John Doe Ohio Medical Director, and Warden John Doe of Youngstown. Accordingly, Plaintiff's claims against these defendants should be dismissed for failure to state a claim.

Plaintiff also cannot maintain Eighth Amendment Bivens claims against Dr. Jose Maya, Nurse #1, Nurse #2, and John Doe Optometrist from the Lee County Eye Clinic. These defendants are in private practice and are not individuals acting under federal law. Plaintiff's claims against these defendants should also be dismissed for failure to state a claim.

RECOMMENDATION

It is therefore recommended that Plaintiff's complaint be dismissed with prejudice for failure to state a claim upon which relief can be granted.

OBJECTIONS

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained within this report within 14 days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc); Thomas v. Arn, 474 U.S. 140, 148 (1985); Rodriguez v. Bowen, 857 F.2d 275, 276-277 (5th Cir. 1988).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 6th day of July, 2012.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE